IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Charles Kevin Bruce Tyson, # 113360, a/k/a Charles Tyson,<br><br>                      Plaintiff,<br><br>    vs.<br><br>Alan Wilson,<br><br>                      Defendant. | Civil Action No. 6:15-4333-DCN-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       The petitioner is an inmate at the Perry Correctional Institution in the South Carolina Department of Corrections. The defendant is the Attorney General of the State of South Carolina.

       The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action arises out of the defendant's alleged failure to respond to an application for post-conviction relief (Case No. 2014-CP-21-2098) filed by the plaintiff on July 28, 2004, in the Court of Common Pleas for Florence County (doc. 1 at 3–5). In his prayer for relief, the plaintiff seeks a preliminary and permanent injunction, compensatory damages of $100,000, punitive damages of $700,000, a jury trial, court costs, and other relief deemed just, proper, and equitable by this court (*id*. at 6).

       The plaintiff is serving sentences of life plus twenty-five years for murder and armed robbery convictions entered in the Court of General Sessions for Florence County on September 21, 1982. *See State v. Tyson*, 323 S.E.2d 770, 771–72 (S.C. 1984) (affirming convictions on direct appeal); *Tyson v. McCall*, Civil Action No. 6:12-1863-MGL-KFM, 2012 WL 6915248, at *1 (D.S.C. Aug. 20, 2012) (recommending

summary dismissal of successive Section 2254 habeas petition), *adopted by* 2013 WL 239122 (D.S.C. Jan. 22, 2013), *appeal dismissed*, No. 13-6478, 539 F. App'x 120 (4th Cir. Sept. 3, 2013) and *Tyson v. Padula*, Civil Action No. 6:11-1211-MBS-KFM, 2011 WL 7645500, at *3 (D.S.C. June 23, 2011) (recommending summary dismissal of an earlier successive Section 2254 habeas petition), *adopted by* 2012 WL 1096157 (D.S.C. Apr. 2, 2012).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The plaintiff cannot obtain compensatory or punitive damages from the defendant in his official capacity because the defendant is a state official entitled to Eleventh Amendment immunity. *See Brown v. Lieutenant Governor's Office on Aging*, 697 F. Supp. 2d 632, 635 (D.S.C. 2010) (citing *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995)).

It is well-settled that prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344–49 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259, 268–75 (1993); *Burns v. Reed*, 500 U.S. 478, 490–92 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467,

471–72 (4th Cir. 2000).  Prosecutorial immunity also extends to actions by government attorneys in the direct appeal, post-conviction case, or federal habeas corpus case.  *Rice v. Nat'l Sec. Council*, 244 F. Supp. 2d 594, 602 (D.S.C. 2001) (collecting cases).  Hence, the plaintiff cannot obtain damages from Attorney General Wilson in his individual capacity.

This federal court cannot issue a writ of mandamus directing the defendant to file an answer in the plaintiff's pending post-conviction case.  *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587–88 (4th Cir. 1969) (federal courts lack jurisdiction to issue writ of mandamus directed at state officials or state courts).  This federal court also lacks subject-matter jurisdiction over a request for a writ of mandamus directed at the State of South Carolina or the Court of Common Pleas for Florence County.  *See Smith v. Shwedo*, Civil Action No. 3:12-2286-CMC-PJG, 2012 WL 5463207, at *3 (D.S.C. Oct. 23, 2012), *adopted by* 2012 WL 5463089 (D.S.C. Nov. 8, 2012).

In order to obtain injunctive relief, a plaintiff must establish: (1) the likelihood that the plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; (3) that the balance of equities tips in his or her favor; and (4) the injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 19–20 (2008).  The plaintiff has failed to satisfy any of these requirements.

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

                                         s/Kevin F. McDonald
                                         United States Magistrate Judge

October 27, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).